STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAUREN M. HARDING (CABN 308029)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6938
    FAX: (415) 436-7234
    Lauren.Harding@usdoj.gov

Attorneys for United States of America

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 3:21-cr-000463 VC** |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Date:  November 14. 2022 |
| ALBERT COLLINS, | Time:  3:00 p.m. |
| Defendant. | Court:  Honorable Vince Chhabria |

## I.     INTRODUCTION

Defendant Albert Collins has indisputably had an hard life, experiencing childhood traumas that no one should have to endure.[1]  Those traumas undeniably help explain Mr. Collins' poor choices, including those that led to the present charges.  For his own sake, the government hopes that this case helps set Mr. Collins down the right path.  If so, the community will benefit too.

To date, Mr. Collins has not been set down the right path, despite several prior state court interventions.  The defendant's criminal history, which began over a decade ago and has continued to escalate ever since, includes four state convictions (including two firearms offenses) within the past five years.  Although he was on state supervision in November 2021, he was found with a 15-capacity pistol loaded with 14 rounds of ammunition.  His criminal history, coupled with his gang affiliation, demonstrate the danger Mr. Collins posed to the community by possessing a gun in November 2021.

To balance these competing considerations—on one hand, the significant mitigation evidence that helps explain and continues to drive Mr. Collins's poor choices and, on the other hand, Mr. Collins's history of possessing guns and violating court orders—the government agrees with Probation that the Court should impose a sentence of 15 months' imprisonment, provided that the sentence is followed by a lengthier three-year term of supervised release in which the defendant is required to participate in substance abuse and mental health treatment (as determined by the appropriate professional).  The government also agrees with the defendant's suggestion to restrict his travel to the Sunnydale neighborhood in San Francisco, where he committed the present offense, and Probation's suggested conditions of supervised release.

## II.    OFFENSE CONDUCT

On November 2, 2021, two San Francisco Police Department officers recognized the defendant—a known member of the "Down Below Gangsters" criminal street gang—walking across Sunnydale Avenue in San Francisco.  PSR ¶ 6.  The officers knew that the defendant was actively on Post Release Community Supervision ("PRCS"), which is akin to state parole and carried with it a

---

[1] The defendant has filed his Sentencing Memorandum under seal and has requested the government not publicly reference certain details about the defendant's background.  To respect that request, and in light of the defendant's pending motion to seal, the government has not included various specifics about the defendant's background in this filing.

warrantless search condition, and the officers knew that.[2]  PSR ¶ 6.  The officers watched the defendant enter a car and start driving.  A query showed the car's registration had expired and another query confirmed that the defendant was on active PRCS.  PSR ¶¶ 7, 28.

After the officers signaled the defendant to stop, the defendant stopped the car, and Collins immediately ran away from the officers.  PSR ¶ 7.  One officer eventually caught up to the defendant and a physical tussle ensued, during which the officer used his baton to restrain the defendant and the defendant responded by biting the arresting officer's thigh.  PSR ¶ 7.  As he was being handcuffed, the defendant said "y'all got me" and referenced a gun purportedly in a garbage can elsewhere.  PSR ¶ 8.

In the defendant's pant leg, the officers found a semi-automatic pistol (9X19 caliber BB Techs GMBH pistol with serial number 11E00393) with a 15-round capacity magazine and 14 rounds of live 9mm Luger ammunition.  PSR ¶ 9.

At the time of his arrest, Collins had been convicted of a crime punishable by more than one year and knew that.  PSR ¶ 10.  In 2019, he was convicted of grand theft (Cal. Penal Code § 487(a)) and possessing ammunition as a prohibited person (Cal. Penal Code § 30305(a)(1)), for which he was sentenced to 32 months' imprisonment and 16 months' imprisonment, respectively.  PSR ¶ 28.

Two years before that, in 2017, he was convicted of possessing a firearm as a prohibited person (Cal. Penal Code § 29820(B)) and sentenced to three years' probation and four days' jail.  PSR ¶ 26.  That same year, he had been convicted of second degree robbery (Cal. Penal Code § 211) and was sentenced to three years' probation and 25 days' jail.  PSR ¶ 27.

The defendant has plead guilty to the sole charge in the Indictment charging him with one count of violating 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and ammunition.

### III.    SENTENCING GUIDEINES CALCULATION

The Plea Agreement sets forth the correct U.S. Sentencing Guidelines calculation, which Probation agrees is correct.  Plea ¶ 7; PSR ¶ 23.  The correct calculation is:

    a.   Base Offense Level under U.S.S.G. § 2K2.1(a):      14

    b.   Specific Offense Characteristics              N/A

---

[2] *See United States v. Miller*, No. 4:15-CR-00197-JD-1, 2016 WL 80565, at *2 (N.D. Cal. Jan. 7, 2016) (treating PRCS as comparable to parole, rather than probation).

c.   Acceptance of Responsibility under U.S.S.G. § 3E1.1:     -2

d.   Total Offense Level:     12

Probation has calculated the defendant's Criminal History Category to be IV.  A Total Offense Level of 12 and a Criminal History Category of IV yields a Guidelines calculation of 21 to 27 months.

## IV.    THE UNITED STATES' SENTENCING RECOMMENDATION

### a.  Legal Standard

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted).  To accomplish that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### b.  Section 3553(a) Factors

A sentence of 15 months' imprisonment, followed by 3 years' supervised release, during which the defendant is required to engage in mental health and substance abuse treatment, is well supported by the 3553(a) factors.[3]

The defendant's history and characteristics cut both ways.  On one hand, the defendant's criminal history is lengthy and has escalated in recent years.  He has incurred four convictions in the past five years, two of which are firearms offenses (one for unlawful ammunition possession and another

---

[3] In its plea agreement, the government promised to recommend no higher than the low-end of the Guidelines.  Plea at ¶ 15.  A below-Guidelines recommendation is thus consistent with the plea. Defense counsel has confirmed that any recommendation about mental health/substance abuse treatment and travel restrictions during a term of supervised release is similarly consistent with our agreement.

1   for possessing a firearm as a prohibited person).  The defendant is also a member of the "Down Below

2   Gangsters" gang; his risk of re-offending remains high as long as he continues to associate with that

3   criminal street gang, which is based in his old housing community in Sunnydale.  The nature of the

4   present offense must be viewed against those same facts:  namely, Mr. Collins, after receiving two prior

5   convictions for firearms offenses and while on active parole, chose to possess a loaded 15-capacity gun

6   in the same neighborhood in which he is a gang member.

7        On the other hand, the defendant's childhood traumas and other ongoing struggles are tragic and

8   help explain (although not excuse) his conduct.  Robust mental health and substance abuse treatment,

9   coupled with a new living environment outside of San Francisco and the Sunnydale housing community,

10  will hopefully go far in setting Mr. Collins down a better path.

11        To balance those dual considerations, the government recommends the Court impose a slightly

12  below-Guidelines sentence of 15 months' imprisonment, followed by a longer term of three years'

13  supervised release that includes mental health and substance abuse treatment.  The government also

14  agrees with the defendant's suggestion that Mr. Collins stay away from San Francisco and the

15  Sunnydale neighborhood, which carries bad and strong influences over the defendant's poor choices.

16  The government agrees with the remaining conditions of supervised release recommended by Probation.

17        A 15-month sentence will, as a practical matter, cause Mr. Collins to spend only a few more

18  months in prison given that he has already spent almost a year in pre-trial detention.  An additional few

19  months in prison following the sentencing hearing will reinforce the seriousness of the offense, and thus

20  help deter Mr. Collins from future conduct.  *See* 18 U.S.C. § 3553(a)(2), (3).  By the same token, a

21  slightly below-Guidelines sentence will not unduly delay the momentum this case seems to have created

22  towards Mr. Collins's rehabilitation.

23  DATED:        11/7/2022                         Respectfully submitted,

24                                                 STEPHANIE M. HINDS

25                                                 United States Attorney

26

27                                                 */s/ Lauren M. Harding*
                                                   _____
28                                                 LAUREN M. HARDING
                                                   Assistant United States Attorney