1  KEKER, VAN NEST & PETERS LLP
   CODY GRAY - # 310525
2  cgray@keker.com
   633 Battery Street
3  San Francisco, CA 94111-1809
   Telephone:     415 391 5400
4  Facsimile:     415 397 7188

5  Attorney for Defendant
   Albert Collins

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 | UNITED STATES OF AMERICA,           | Case No. 3:21-cr-00463-VC-1
   |                                     |
13 |           Plaintiff,                | **DEFENDANT ALBERT COLLINS'**
   |                                     | **RESPONSE TO THE GOVERNMENT'S**
14 |     v.                              | **REQUEST FOR FORM 12 DISMISSAL**
   |                                     |
15 | ALBERT COLLINS,                     | Hearing:    November 13, 2024 at 1:00 p.m.
   |                                     |
16 |           Defendant.                | Dept.:      Courtroom 4 – 17th Floor
   |                                     |
17 |                                     | Judge:      Hon. Vince Chhabria
   |                                     |
18 |                                     | Date Filed: November 17, 2021

19

20

21

22

23

24

25

26

27

28

On October 2, 2024, the government moved to dismiss a Form 12 petition alleging Defendant Albert Collins ("Mr. Collins") violated a mandatory condition of his supervised release requiring that he not commit another federal, state, or local offense. Dkt. 86. The government correctly concluded it cannot prove Mr. Collins committed another crime on June 27, 2024 by engaging in domestic violence as alleged in the Form 12, including because (a) both Mr. Collins and his girlfriend deny that Mr. Collins inflicted the injuries, (b) "no known witnesses were located," (c) there is "no evidence" that Mr. Collins was responsible for the injuries "other than the police report," and (d) the police report in fact identifies factual inconsistencies—namely, that the victim's medical discharge papers predate the date of the alleged assault. *Id.* at 3:9–11, 3:20–22. Mr. Collins supports the government's motion to dismiss the Form 12 and files this response to make three additional, brief points.

*First*, under Federal Rule of Criminal Procedure 48(a), the government has broad authority to dismiss the Form 12, "the district court's discretion to deny leave [to dismiss] is limited," and the concerns underlying the Rule's requirement to obtain leave of court are not present here. *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995). As the Ninth Circuit has recognized, "[s]eparation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative." *Id.* at 462. "[T]he decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate," and thus, as here, "a district court should be reluctant to deny its request." *Id.*

Rule 48(a), to be sure, requires "leave of court" before a charging document is dismissed. Fed. R. Crim. P. 48(a). But the "principal object of the 'leave of court' requirement is apparently to protect the defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the government moves to dismiss an indictment *over the defendant's objection*." *Gonzalez*, 58 F.3d at 461 (emphasis added) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). Here, Mr. Collins agrees that dismissal of the Form 12 is the right outcome and consents to it; there is thus no concern about prosecutorial harassment. Granting the government's uncontested request for leave to dismiss the Form 12 is therefore appropriate.

1  Further, even assuming the Court "has discretion to deny a prosecutor's uncontested motion in

2  exceptional circumstances," *id.* at 461—*e.g.*, where a request is "clearly contrary to the manifest

3  public interest," *id.* at 464—the request here is made for reasons that are proper, given the

4  absence of inculpatory evidence and significant time Mr. Collins has already spent in prison in

5  connection with this incident (discussed below).

6      ***Second***, while Mr. Collins understands the Court's concerns regarding his repeated

7  interactions with the criminal justice system, Mr. Collins' prior arrest record and criminal history

8  are not evidence that he committed the domestic violence offense alleged in the petition. Mr.

9  Collins "has no prior arrests for domestic violence (even though it is common for abusers to re-

10  abuse)," as the government recognizes. Dkt. 86 at 3:24–25. And, in any event, the Federal Rules

11  of Evidence "preclude[] the admission of prior bad act evidence"—like Mr. Collins' arrest record

12  and/or prior convictions—that is "offered only to show criminal propensity." *United States v.*

13  *Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997) (discussing Fed. R. Evid. 404(b)). In short, there is

14  insufficient evidence to support the allegations in the petition, and Mr. Collins' criminal history

15  and arrest record do nothing to change that conclusion.

16      ***Finally***, dismissal is appropriate in the interest of justice because Mr. Collins has already

17  spent 31 days in custody in connection with the underlying arrest. He was first detained on July

18  7, 2024; the Form 12 followed two days later; and a federal warrant was authorized on July 10,

19  2024. *See* Dkt. 64. The state charges were quickly dropped, but, as Magistrate Judge Cisneros

20  explained at the detention hearing, "there was a miscommunication between the jail, Santa Rita,

21  and the Marshal's Office, such that there was no request for remand to transfer [Mr. Collins] from

22  state custody to federal custody." Tr. (Aug. 7, 2024) at 5:2–5. And that error occurred because

23  "some new employee at the jail [] didn't make the proper communications to the Marshal's

24  Office." *Id.* at 5:9–11. While in custody, Mr. Collins, for his part, had his cousin contact the

25  Probation Office, but "[t]he probation officer was out on vacation for at least some of [the

26  relevant period]." *Id.* at 6:24–25. Mr. Collins thus "fell through" a "couple of gaps"—a situation

27  Magistrate Judge Cisneros concluded was "troubling" and "not consistent with how things should

28  be managed so that you get a timely appearance." *Id.* at 7:1–6.

  Mr. Collins appreciates that the government agrees that he "should have been transferred out of state custody sooner and that this should be factored into the Court's decision on whether to dismiss the Form 12[.]" Dkt. 86 at 4:16–18. But to be clear, the delay was also unreasonable and resulted in prejudice. If appropriate procedures had been followed, Mr. Collins would have made his initial appearance in federal court shortly after his arrest on July 7. Instead, he served a month in custody due largely, if not entirely, to negligence. Moreover, courts look to "substance rather than form" to determine when a defendant was taken into federal custody. *United States v. Santana*, 526 F.3d 1257, 1260 n.3 (9th Cir. 2008). Here, as Magistrate Judge Cisneros acknowledged, Mr. Collins' circumstances were "troubling" and "not consistent with how things should be managed"—providing a further basis for dismissal of the Form 12 in the interest of justice.

\* \* \*

  For the foregoing reasons, and those articulated in the government's motion, Mr. Collins respectfully submits that the Court should grant the government's uncontested request for leave to dismiss the Form 12.

Dated: November 6, 2024           KEKER, VAN NEST & PETERS LLP

                   By: */s/ Cody Gray*
                      CODY GRAY

                      Attorney for Defendant
                      Albert Collins